**CT Corporation**

**Service of Process Transmittal**
01/09/2018
CT Log Number 532594384

**TO:** Bob Fabbio
eRelevance Corporation, Inc.
6011 W. Courtyard Drive, #300A
Austin, TX 78730

**RE:** **Process Served in Delaware**

**FOR:** ERELEVANCE CORPORATION, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | OLWEN JAFFE, etc., Pltf. vs. ERELEVANCE CORPORATION, INC., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Cook County - Circuit Court, IL<br>Case # 2018CH00268 |
| **NATURE OF ACTION:** | Violation of the Telephone Consumer Protection |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/09/2018 at 12:30 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | David L. Gerbie<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Fl.<br>Chicago,, IL 60601<br>312-893-7002 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780111252719 |
| **SIGNED:** | |
| **ADDRESS:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail  2321 - Served By Mail
2420 - Served By Publication  2421 - Served By Publication
Summons - Alias Summons

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Olwen Jaffe

_____
(Name all parties)

v.

eRelevance Corporation, Inc.
_____

No. 2018CH00268
CALENDAR/ROOM 05
TIME 00:00
ERelevance Corporation Action
C/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

⦿ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602
☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows   ☐ District 4 - Maywood
  5600 Old Orchard Rd.           2121 Euclid                      1500 Maybrook Dr.
  Skokie, IL 60077               Rolling Meadows, IL 60008        Maywood, IL 60153
☐ District 5 - Bridgeview      ☐ District 6 - Markham 16501     ☐ Child Support: 50 W.
  10220 S. 76th Ave.             S. Kedzie Pkwy. Markham,         Washington, LL-01,
  Bridgeview, IL 60455           IL 60428                         Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 56618
Name: McGuire Law, P.C.
Atty. for: Olwen Jaffe
Address: 55 W. Wacker Dr. 9th Fl.
City/State/Zip Code: Chicago, IL 60601
Telephone: 312-893-7002
Primary Email: dgerbie@mcgpc.com
Secondary Email: eturin@mcgpc.com
Tertiary Email: mmcguire@mcgpc.com

Witness: DOROTHY BROWN  JAN 08 2018

_Dorothy B_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| OLWEN JAFFE, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | Hon. |
| ERELEVANCE CORPORATION, INC., a Delaware corporation. | ) ) ) ) | |
| Defendant. | ) ) | |

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Olwen Jaffe ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendant eRelevance Corporation, Inc. ("eRelevance" or "Defendant") to stop Defendant's practice of making unauthorized automated text message calls to consumer's cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. In a misguided effort to market its's clients' services, eRelevance, a Delaware corporation providing mobile marketing services nationwide, engaged in an invasive and unlawful form of marketing: the transmission unauthorized advertisements in the form of text message calls to the cellular telephones of consumers throughout the nation.

1

2. By effectuating these unauthorized text message calls, Defendant has violated the called parties' statutory rights and has caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies the automated text messages, but also because consumers, like Plaintiff, must frequently pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such messages, notwithstanding that the text messages were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiff, on behalf of herself and the proposed Class and Subclass defined below, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unauthorized text messages.

4. On behalf of the proposed Class and Subclass, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text messages and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within the state and because Defendant transacts business within this State.

6. Venue is proper in Cook County under 735 ILCS 5/2-101, because the transaction out of which this cause of action arises occurred in Cook County, as Plaintiff resides in Cook County, the unauthorized text messages were received by Plaintiff in Cook County, and Defendant conducts business in Cook County.

## THE PARTIES

7. Plaintiff a resident and citizen of the State of Illinois.

8. Defendant eRelevance is a Delaware corporation providing marketing services nationwide. Defendant's principal place of business is located in Texas and Defendant conducts business in this district.

## COMMON ALLEGATIONS OF FACT

9. Defendant provides marketing services to businesses nationwide, including a number of offices that provide various cosmetic procedures and plastic surgery.

10. In an effort to promote its clients' services to potential customers, Defendant developed the "TalkWithMe" mobile application, which it uses to send thousands of text messages to consumers advertising promotions for various products and procedures.

11. However, Defendant's text messaging operation fails to honor requests to discontinue the text message advertisements, and Defendant routinely sends unauthorized text message advertisements to cell phones of individuals who have asked Defendant to not send any further messages.

12. For example, between October of 2017 to December of 2017, Plaintiff received automated text messages from Defendant that were sent through Defendant's "TalkWithMe" application.

13. Specifically, on October 25, 2017, Plaintiff received a "TalkWithMe" text message at 11:36 a.m. from "957-36", which is an abbreviated telephone number known as an SMS short code operated by Defendant, stating:

> From Chicago Breast & Body: Hi, please use our mobile app. Reply BEGIN to converse with me, HELP for help, STOP to opt out. Msg&Data rates apply.

3

14. Not wanting to receive any such messages on her cell phone, Plaintiff attempted to unsubscribe from Defendant's "TalkWithMe" text message advertisements by texting "STOP", as she had been directed.

15. Indeed, after texting "STOP", Plaintiff received a reply from Defendant's SMS short code stating that she was "unsubscribed from TalkWithMe texting alerts…[and] no more SMS marketing messages will be sent."

16. However, over the next several weeks, Plaintiff continued to receive automated marketing text messages from Defendant, despite the fact that she had asked Defendant to "STOP" texting her and had allegedly been "unsubscribed" from Defendant's "TalkWithMe" text message program.

17. Specifically, Plaintiff received generic text message advertisements containing a hyperlink to a website address that encouraged her and other consumers to buy services or products from Defendant's clients'. The body of one such text message read:

> From Total Body Laser Skin Care: Here's one merry special gift card…http://erel.io/s/1xdX Reply HELP for help, STOP to opt out. Msg&Data rates apply.

18. The text message advertisements Plaintiff received contained generic content, were not personalized, and were automatically sent by Defendant *en masse* to numerous recipients.

19. Plaintiff never provided Defendant her prior express written consent as required under TCPA regulations to receive automated text message advertisements to her cell phone. In addition, Plaintiff continued to receive Defendant's automated text messages even after she specifically requested that Defendant stop sending them to her cell phone.

20. In addition to being a nuisance and an invasion of privacy, Defendant's unauthorized automated text messages consistently interfered with Plaintiff's, and the other Class

4

members' use of their cellular telephones.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and the proposed Class and Subclass, defined as follows:

i) **The Unauthorized Text Message Class**: All persons in the United States and its Territories who were sent one or more text message advertisements from Defendant on their cellular telephones without providing prior express written consent to receive such messages.

ii) **The Revocation Subclass**: All persons in the United States and its Territories who received one or more text messages from Defendant on their cellular telephone after communicating to Defendant, as shown by Defendant's records, that Defendant did not have consent to send any further text messages to that telephone number.

22. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class and Subclass

23. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

24. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

25. The factual and legal bases of Defendant's liability to Plaintiff and to the members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

26. Upon information and belief, there are hundreds, if not thousands, of members of the Class and Subclass such that joinder of all members is impracticable.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a) Whether Defendant sent one or more text message advertisements to members of the Class and Subclass;

(b) Whether Defendant used an automatic telephone dialing system to transmit the text message advertisements at issue;

(c) Whether Defendant transmitted text message advertisements to persons who did not previously provide Defendant with prior express written consent to receive such messages;

(d) Whether Defendant systematically continued to transmit text message advertisements to individuals who communicated to Defendant that they did not consent to receive

the automated text messages from Defendants;

(e) Whether Defendant's conduct violated the Plaintiff's and the members of the Class' and Subclass' respective rights to privacy;

(f) Whether Defendant's conduct was willfully in violation of the TCPA such that the Subclass members are entitled to treble damages;

(g) Whether Defendant should be enjoined from engaging in such conduct in the future.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class and Subclass

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unauthorized text message calls using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class without their prior express written consent.

30. Defendant made unauthorized text message calls using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Subclass after Plaintiff and the other members of the Subclass communicated to Defendant that it did not have consent to send such messages.

31. These text messages calls were made *en masse* using a short code and equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

32. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's illegal conduct, the members of the Class and Subclass

7

have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

34. To the extent the Court determines the Defendant's conduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and other members of the Subclass.

WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, prays for the following relief:

A. An Order certifying the Class and Subclass as defined above;

B. An award of actual and statutory damages;

C. An injunction requiring Defendant to cease all unauthorized automated telephone activities;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 8, 2018

OLWEN JAFFE, individually and on behalf of a class of similarly situated individuals

By: _____
One of Plaintiff's Attorneys

8

David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
dgerbie@mcgpc.com

*Attorney for Plaintiff and the Putative Class*

9